United States District Court
Southern District of Texas
**ENTERED**
April 28, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LEONARD PICKRON, <br> (TDCJ # 2032337) <br><br> Petitioner, <br><br> vs. <br><br> BOBBY LUMPKIN, <br><br> Respondent. | § § § § § § § § § § § § CIVIL ACTION NO. H-21-3588 |

**MEMORANDUM OPINION AND ORDER**

Leonard Pickron, a Texas state inmate representing himself, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his 2015 state-court conviction for murder. (Docket Entry No. 1). It appears from both Pickron's cover letter and the content of his petition that he intended this petition to be docketed as an amended petition in his earlier habeas proceeding, *Pickron v. Lumpkin*, Civil Case No. H-21-1887 (S.D. Tex.), which was pending at the time of filing, rather than as a second habeas proceeding. The respondent, Bobby Lumpkin, has filed a motion to consolidate the two cases.. (Docket Entry No. 18). The court denies the motion to consolidate and dismisses this petition for the reasons explained below.

**I.    Background**

In November 2015, a jury convicted Pickron of one count of murder and sentenced him to life in prison. On June 7, 2021, Pickron filed a handwritten petition for federal habeas corpus relief under 28 U.S.C. § 2254 in the United States District Court for the Eastern District of Texas, raising three claims for relief. (Civil Case No. H-21-1887, Docket Entry No. 1). The Eastern District transferred the petition to this court shortly thereafter. (*Id.* at Docket Entry No. 4). This

court entered an order requiring Pickron to refile his petition on the approved form, and the court supplied him with a copy of the form. (*Id.* at Docket Entry No. 8).

On October 1, 2021, the United States District Court for the Eastern District of Texas received a second habeas petition from Pickron challenging the same conviction, this time on the approved form. (Civil Case No. H-21-3588, Docket Entry No. 1). This second petition did not include the case number assigned to the first petition by this court, but in his cover letter, Pickron apologized for his delay in returning the form to the court. (*Id.* at Docket Entry No. 1-2, p. 2). This second petition was docketed as a new case and transferred to this court. (*Id.* at Docket Entry Nos. 1, 3). In this second petition, Pickron challenges the same conviction, references the evidentiary claims made in the first petition, and adds a claim challenging the racial composition of his jury. (*Id.* at Docket Entry No. 1).

This court ordered the respondent to answer the second petition. (*Id.* at Docket Entry No. 15). But before the respondent could file an answer, the court dismissed Pickron's first petition as barred both by the statute of limitations and because Pickron had not exhausted his state remedies. (Civil Case No. H-21-1887, Docket Entry Nos. 13, 14). Apparently unaware of the dismissal of the first petition, the respondent filed a motion in this case on March 29, 2022, asking the court to consolidate this case with the earlier one. (Civil Case No. H-21-3588, Docket Entry No. 18).

**II.     Discussion**

The court construes Pickron's second petition as his attempt to comply with the court's order in Civil Case No. H-21-1887 to file an amended petition on the proper form. And because the second petition was received while the first petition was still pending, the second petition should not be considered successive, but instead will be considered an amended petition. *Cf. In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998) ("[A] prisoner's application is not second or successive

simply because it follows an earlier federal petition."). But the second petition fails for the same reasons discussed in the order dismissing the first petition, which are discussed briefly below.

### A. One-Year Limitations Period

The court dismissed Pickron's first petition because it was not filed within the one-year period for seeking federal habeas corpus relief as provided by 28 U.S.C. § 2244(d)(1). The pleadings and matters of record in Civil Case No. H-21-1887 show that Pickron's conviction became final for purposes of federal habeas review on September 5, 2017, which was 90 days after the Court of Criminal Appeals refused his petition for discretionary review on June 7, 2017. *See Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003) (holding that a state prisoner's judgment becomes final for purposes of § 2244 "when the time to file a petition for writ of certiorari with the Supreme Court has expired"); Sup. Ct. R. 13.1 (a petition for writ of certiorari to review a judgment entered by a state court of last resort is timely when filed within 90 days after entry of the judgment). The deadline for Pickron to file a timely federal habeas petition was one year later, on September 5, 2018. But Pickron did not file his first petition until June 7, 2021—almost three years after the one-year limitations period expired. His first petition did not allege facts showing that any of the statutory or equitable exceptions to the one-year period apply, and nothing in his second petition cures these deficiencies. The court must dismiss Pickron's second petition as untimely filed.

### B. Exhaustion

The court also dismissed Pickron's first petition because he had not exhausted his state-court remedies as to the claims he raised. As the court explained in that case, "[a]bsent special circumstances, a federal habeas petitioner must exhaust his state remedies by pressing his claims in state court before he may seek federal habeas relief." *Henry v. Cockrell*, 327 F.3d 429, 432 (5th

Cir. 2003) (quoting *Orman v. Cain,* 228 F.3d 616, 619-20 (5th Cir. 2000)); *see also* 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State. . . ."). To exhaust state remedies, the petitioner must have fairly presented all his habeas corpus claims to the state's highest court before he may bring them to federal court. *See Vasquez v. Hillery*, 474 U.S. 254, 257-58 (1986); *Ries v. Quarterman*, 522 F.3d 517, 523 (5th Cir. 2008). In Texas, this requires the petitioner to present his claims to the Court of Criminal Appeals by raising them either in an appeal followed by a petition for discretionary review or in a petition for a writ of habeas corpus. *See Busby v. Dretke*, 359 F.3d 708, 723 (5th Cir. 2004).

The only claim Pickron raised in the state courts was trial court error in admitting certain hearsay testimony under the excited-utterance exception. *See Pickron v. State*, 515 S.W.3d 462, 464 (Tex. App.—Houston [14th Dist.] 2017, pet. ref'd). But Pickron did not raise that claim in either his first or second petitions, and the claims he does raise are entirely new factual claims that have never been presented to the state courts in any way. Because Pickron has not previously raised his current claims in the state courts and because state proceedings may still be available to him, he has not exhausted his state remedies as to these claims. Pickron's claims must be dismissed based on his failure to exhaust his state remedies.

### III. Conclusion

Pickron's current petition, construed as an amendment to the first petition filed in Civil Case No. H-21-1887, is dismissed as barred by the statute of limitations and for failure to exhaust his state remedies. The respondent's motion to consolidate this case with Civil Case No. H-21-1887, which was closed before the motion was filed, is denied as moot. Any remaining pending

motions, including Pickron's motion for leave to proceed without prepayment of the filing fee (Docket Entry No. 10) are also denied as moot.

Pickron has not requested a certificate of appealability, but Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. *See* 28 U.S.C. § 2253. When the district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claims, a certificate of appealability should issue only when the petitioner shows that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Rudd v. Johnson,* 256 F.3d 317, 319 (5th Cir. 2001) (citing *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). Pickron has not made the necessary showing. Accordingly, a certificate of appealability is denied.

SIGNED on April 28, 2022, at Houston, Texas.

                                                Lee H. Rosenthal
                                     Chief United States District Judge